ERVIN, Justice
(dissenting) :
I think it is contrary to public policy that the general public, in the purchase of policies of automobile liability insurance containing uninsured motorist coverage, should be expected to agree to be relegated to an arbitrator of the American Arbitration Association to determine the validity of their claims against uninsured motorists to the exclusion of judicial review.
Uninsured motorist coverage in our state is of statutory origin. See F.S. Section 627.0851, F.S.A. Thousands of policies are sold due to the provisions of said statute. The arbitration clause in the “fine print” of the policy here considered reads:
“6. ARBITRATION. If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement.”
Despite F.S. Chapter 57, F.S.A., the arbitration statute, it is unrealistic for automobile liability insurance policies to provide by blanket form provisions that insureds agree in advance to arbitrate their claims against uninsured motorists. There is simply too much opportunity of overreaching in such arbitrations, as, for example, appears in the alleged facts in this case recited in Mr. Justice Roberts’ dissent. Uninsured motorist insurance protection, recognized by our laws as highly essential to all motorists, should not be made less certain of realization through such insurance policy “arbitration” form clauses which operate to minimize for insureds the usual rights of citizens to judicial review of their *305 claims. Nothing is intended in the foregoing expressed views to cast doubt upon the validity or desirability of arbitration agreements which are deliberately and with clear “meeting of the minds” of the parties expressly entered into.